FILED
CLERK, U.S. DISTRICT COURT

NOV 1 4 2011

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

1   Andrew J. Jaramillo, CA Bar No. 198303
    andrew.jaramillo@ogletreedeakins.com
2   Elizabeth A. Falcone, SBN 219084
    elizabeth.falcone@ogletreedeakins.com
3   Judy T. Sha, CA Bar No. 261432
    judy.sha@ogletreedeakins.com
4   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
    Park Tower, Suite 1500
5   695 Town Center Drive
    Costa Mesa, CA 92626
6   Telephone:  714.800.7900
    Facsimile:  714.754.1298
7

8   Attorneys for Defendant
    THE HOME DEPOT U.S.A., INC.

                                                    NOTE CHANGES MADE BY THE COURT
9   Gregory D. Helmer, CA Bar No. 150184
    ghelmer@helmerfriedman.com
10  Andrew H. Friedman, CA Bar No. 153166
    afriedman@helmerfriedman.com
11  Kenneth A. Helmer, CA Bar No. 193366
    khelmer@helmerfriendman.com
12  HELMER FRIEDMAN LLP
    723 Ocean Front Walk
13  Venice, CA 90291
    Telephone:  310-396-7714
14  Facsimile:  310-396-9215

15  Attorneys for Plaintiff
    DANIELLE MAILHOIT
16

17              **UNITED STATES DISTRICT COURT**

18      **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

19

20  DANIELLE MAILHOIT,              Case No. CV11-03892-AHM (SSx)

21          Plaintiff,              **[~~PROPOSED~~] ORDER**

22      v.                          Complaint Filed:  March 30, 2011
                                    Trial Date:       July 3, 2012
23  HOME DEPOT U.S.A., INC., a      Judge:            Hon. A. Howard
    corporation, and DOES 1 through 50,                Matz
24  inclusive,                      Magistrate Judge: Hon. Suzanne H.
                                                       Segal
25          Defendants.

26

27

28
                                                Case No. CV11-03892-AHM (SSx)

1

# [~~PROPOSED~~] O R D E R

2

## GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY

3

**ORDERED THAT** the provisions of the concurrently-filed stipulation between

4

the parties regarding the use and protection of Confidential Information (the *as modified by the Court.* (SHS)

5

"Stipulated Protective Order") shall be entered as the Order of the Court and be

6

binding upon the parties.  The Court further orders that, consistent with Paragraph *(SHS)*

7

4 of the parties' Stipulated Protective Order, *as modified* (SHS) any motion to seal records must

8

comply with the procedures set forth in Local Rule 79-5 and must also comply

9

with Federal Rule of Civil Procedure 26(c)(1), including that the moving party

10

must make a good cause showing.

11

## PURSUANT TO STIPULATION, IT IS SO ORDERED

12

*For good cause shown.* (SHS)

13

DATED:  November 14, 2011

*Suzanne H Segal*

14

THE HON. SUZANNE H. SEGAL
MAGISTRATE JUDGE OF THE UNITED
STATES DISTRICT COURT

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. CV11-03892-AHM (SSx)

1   Andrew J. Jaramillo, CA Bar No. 198303
    andrew.jaramillo@ogletreedeakins.com
2   Elizabeth A. Falcone, SBN 219084
    elizabeth.falcone@ogletreedeakins.com
3   Judy T. Sha, CA Bar No. 261432
    judy.sha@ogletreedeakins.com
4   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
    Park Tower, Suite 1500
5   695 Town Center Drive
    Costa Mesa, CA  92626
6   Telephone:  714.800.7900
    Facsimile:   714.754.1298
7
    Attorneys for Defendant
8   THE HOME DEPOT U.S.A., INC.

9   Gregory D. Helmer, CA Bar No. 150184
    ghelmer@helmerfriedman.com                       NOTE CHANGES MADE BY THE COURT
10  Andrew H. Friedman, CA Bar No. 153166
    afriedman@helmerfriedman.com
11  Kenneth A. Helmer, CA Bar No. 193366
    khelmer@helmerfriendman.com
12  HELMER FRIEDMAN LLP
    723 Ocean Front Walk
13  Venice, CA  90291
    Telephone:  310-396-7714
14  Facsimile:   310-396-9215

15  Attorneys for Plaintiff
    DANIELLE MAILHOIT
16

17              UNITED STATES DISTRICT COURT

18       CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

19

20  DANIELLE MAILHOIT,                 Case No. CV11-03892-AHM (SSx)

21          Plaintiff,                 [~~PROPOSED~~] STIPULATED
                                        PROTECTIVE ORDER
22          v.
                                        Complaint Filed:  March 30, 2011
23  HOME DEPOT U.S.A., INC., a          Trial Date:          July 3, 2012
    corporation, and DOES 1 through 50, Judge:                Hon. A. Howard
24  inclusive,                                               Matz
                                        Magistrate Judge: Hon. Suzanne H.
25          Defendants.                                     Segal

26

27                                      NOTE CHANGES MADE BY THE COURT

28

                                               Case No. CV11-03892-AHM (SSx)
                        STIPULATED PROTECTIVE ORDER

1    **IT IS HEREBY STIPULATED** by and between Plaintiff Danielle Mailhoit

2    (hereinafter referred to as "Plaintiff" and/or "Mailhoit") and Defendant The Home

3    Depot U.S.A., Inc. (erroneously sued as "Home Depot USA, Inc."; hereinafter

4    referred to as "Defendant" and/or "Home Depot"), through their respective

5    attorneys of record, that a Protective Order be entered by this Court as follows:

6         This Stipulation and Protective Order shall be applicable to and shall apply

7    to the production and exchange of all document requests and documents,

8    interrogatories and answers to interrogatories, depositions, request for admissions,

9    and responses to requests for admissions, exhibits, and pleadings and all other

10   information exchanged and furnished in this Action by the Parties that the parties

11   customarily treat as confidential, proprietary, and/or a trade secret as defined by

12   California Civil Code Section 3426.1.

13   **1.    SCOPE**

14        (a)    The parties acknowledge that discovery may require disclosure of

15   information that is private and personal or confidential and proprietary, specifically

16   personnel records, employment offers, competitive analyses, income statements,

17   employee, client, or customer personal information (including, but not limited to

18   medical, age, and contact information), medical records, and financial records and

19   statements, along with other trade secret information as defined in California Civil

20   Code Section 3426.1.  As a result, the parties agree to enter into a Protective Order

21   on the following terms to ensure the continuing confidentiality of such

22   information.  The parties further acknowledge that this Order does not confer

23   blanket protections on all disclosures or responses to discovery and that the

24   protection it affords extends only to the limited information or items that are

25   entitled under the applicable legal principles to treatment as confidential.

26        (b)    This Protective Order shall limit the use or disclosure of documents,

27   deposition testimony, and related information which are or which embody or

28   disclose any information falling with the scope of Paragraph (1)(a) and designated

hereunder as "Confidential," and shall apply to:

(i)     All such documents, including those produced by third parties, designated as "Confidential" in accordance with the terms of this Protective Order and the applicable legal standards;

(ii)    Portions of deposition testimony and transcripts and exhibits thereto which include, refer or relate to any Confidential Information;

(iii)   All information, copies, extracts and complete or partial summaries prepared or derived from Confidential Information; and

(iv)    Portions of briefs, memoranda or any writing filed with or otherwise supplied to the Court, which include or refer to any such Confidential Information.

(c)    Any person designating documents, testimony, or other information as "Confidential" hereunder asserts that he or she believes in good faith that such material is Confidential Information which falls within the scope of Paragraph (1)(a) and is not otherwise available to the public generally.  Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

## 2.    DESIGNATION OF DOCUMENTS AND DEPOSITIONS

(a)    Designation of a document as "Confidential" shall be made by stamping or writing CONFIDENTIAL on the document(s).  Alternatively, the parties may designate documents as "Confidential" by producing the documents with a letter designating the documents by Bates number as "Confidential."  The parties shall make all reasonable efforts to designate as "Confidential" only those

1   documents that they reasonably believe constitute personnel records, employment

2   offers, competitive analyses, income statements, employee, client or customer

3   personal information, medical records, financial records and statements, and trade

4   secret information as defined in California Civil Code Section 3426.1. The failure

5   to designate documents as "Confidential" at the time of production shall not

6   constitute a waiver of the protection of this Order and any party may, at any time

7   up to 30 days before the actual trial date in this action, designate any documents or

8   information produced as "Confidential" that have not as yet been so designated.

9   Stamping the legend "Confidential" on the cover of any multi-page document shall

10  designate all pages of the document as confidential, unless otherwise indicated by

11  the Designating Party, but only if the entire document is produced in a bound or

12  otherwise intact manner.

13         (b)      Designation of a deposition or other pretrial testimony, or portions

14  thereof, as "Confidential" shall be made by a statement on the record by counsel

15  for the party or other person making the claim of confidentiality at the time of such

16  testimony. The portions of depositions so designated as "Confidential" shall be

17  taken only in the presence of persons qualified to receive such information

18  pursuant to the terms of this Protective Order: the parties and their attorneys and

19  staff, the court reporter, videographer, the deponent, and the deponent's attorney.

20  Failure of any other person to comply with a request to leave the deposition room

21  will constitute sufficient justification for the witness to refuse to answer any

22  question calling for disclosure of Confidential Information so long as persons are

23  in attendance who are not entitled by this Protective Order to have access to such

24  information. The parties may, but need not in order to designate material as

25  Confidential Information, instruct the court reporter to segregate such portions of

26  the deposition in a separate transcript designated as "Confidential." Portions of

27  such deposition transcripts shall be clearly marked as "Confidential" on the cover

28  or on each page, as appropriate.

Case No. CV11-03892-AHM (SSx)

STIPULATED PROTECTIVE ORDER

1    (c)    Any party may designate documents produced or portions of

2    depositions taken as containing Confidential Information even if not initially

3    marked as "Confidential" in accordance with the terms of this Protective Order by

4    so advising counsel for each other party in writing and by reproducing said

5    documents with the required confidential designation.  Thereafter, each such

6    document or transcript shall be treated in accordance with the terms of this

7    Protective Order; provided, however, that there shall be no liability for any

8    disclosure or use of such documents or transcripts, or the Confidential Information

9    contained therein, which occurred prior to actual receipt of such written notice.

10    Any person who receives actual notice of any such designation of previously

11    produced documents or deposition transcripts as containing Confidential

12    Information shall thereafter treat such information as if it had been designated as

13    "Confidential" at the time he, she, or it first received it in connection with this

14    matter.

15    (d)    Inadvertent failure to designate Confidential Information shall not be

16    construed as a waiver, in whole or in part, and may be corrected by the producing

17    party by designating documents produced or portions of depositions taken as

18    containing Confidential Information, even if not initially marked as "Confidential,"

19    in accordance with the terms of this Protective Order and, specifically, Paragraph

20    2(c) above.

21    **3.    LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL**

22    **INFORMATION**

23    (a)    No Confidential Information shall be disclosed by anyone receiving

24    such information to anyone other than those persons designated herein.  In no

25    event shall Confidential Information be used, either directly or indirectly, by

26    anyone receiving such information for any business, commercial or competitive

27    purpose or for any purpose whatsoever other than the direct furtherance of the

28    litigation of this action in accordance with the provisions of this Protective Order.

(b)   Confidential Information shall not be disclosed by any person who has received such information through discovery in this action to any other person, except to:

(i)   The parties;

(ii)   Attorneys of record for the parties and their firms' associates, clerks and other employees involved in the conduct of this litigation, and any court reporters, videographers, or interpreters engaged to assist the parties in discovery;

(iii)   Home Depot's, its subsidiary's, or its affiliate's in-house counsel;

(iv)   Non-party experts and consultants engaged by counsel for the purpose of preparing or assisting in this litigation, and those experts' respective clerks and employees involved in assisting them in this litigation, to the extent deemed necessary by counsel;

(v)   The Court, its officers, Court reporters and similar personnel, provided further that Confidential Information lodged with the Court under seal is subject to further evaluation by the Court;

(vi)   Any person as to which it is apparent from the face of a document was either an author, recipient, had knowledge of the contents therein, or was otherwise entitled to view the Confidential Information prior to the intended disclosure in this action; and

(vii)   Any other potential witnesses whose testimony may be used in connection with the present case who has complied with Paragraph 3(c) immediately below.

(c)   Before any person described in Paragraphs 3(b)(iv) and (vii) receives or is shown any document or information which has been designated as Confidential, such person shall be given a copy of this Protective Order and shall agree in writing, in the form of the Acknowledgment and Agreement attached hereto as Exhibit A, to be bound by the terms hereof.  The original of each such

1  Acknowledgment and Agreement shall be maintained by counsel and, if a witness

2  appears at deposition or at trial and represents that he or she previously executed

3  an Acknowledgment, it shall be produced for inspection by opposing counsel upon

4  request.  Any counsel may require the other counsel to provide a copy of the

5  Acknowledgment and Agreement signed by a witness at a deposition before the

6  witness is deposed with regard to any Confidential Information.  Home Depot

7  agrees to have any of its current managerial employees execute the Agreement

8  prior to appearing for deposition and/or trial, so as to permit Plaintiff's counsel to

9  question the witness without taking time for execution of the Agreement.

10       (d)     Nothing in this Protective Order shall be construed to require

11  execution of the written Acknowledgment and Agreement referred to in

12  Paragraph 3(c) above, or to prevent disclosure of Confidential Information, by the

13  party producing and designating such Confidential Information, or by any

14  employee of such party.

15       (e)     The substance or content of Confidential Information, as well as all

16  notes and memoranda relating thereto, shall not be disclosed to anyone other than

17  as set forth in Paragraphs 3(b)(i)-(vii) above.

18       **4.     FILING DOCUMENTS UNDER SEAL**

19       (a)     If a Party wishes to submit a document to the Court which the other

20  Party has designated as Confidential or which contains Confidential Information,

21  and which has not been successfully challenged under Paragraph 5 below, ~~such~~

22  ~~document shall be deemed approved for filing under seal and no further application~~

23  ~~and/or Order shall be required under Local Rule 79-5.~~ The submitting Party shall

24  ~~in all other respects~~ comply with the procedures set forth in Local Rule 79-5 and

25  Judge A. Howard Matz's Order Re: Protective Orders and Treatment of

26  Confidential Information.

27       **5.     CHALLENGE TO CONFIDENTIALITY DESIGNATION**

28       Any party that wishes to challenge the designation of a document or other

*follow L.R. 37.*

1   information as "Confidential" must ~~identify the documents or information for~~
2   ~~which it is challenging the designation within 30 days after their production. The~~
3   ~~Designating Party may, for good cause shown, bring a motion before the Court~~
4   ~~requesting that the Court confirm the designation of any document or information~~
5   ~~as "Confidential."~~ The party asserting the designation as "Confidential" shall have
6   the burden of establishing good cause for the designation.  ~~However, the Court~~
7   ~~shall be authorized to award the party who prevails on the motion~~ attorneys' fees
8   as a sanction ~~if the challenge to and/or assertion of the "Confidential" designation~~
9   ~~was made in bad faith or was frivolous~~.  The interested parties or other persons
10  shall attempt to resolve such disagreements before submitting them to the Court
11  pursuant to Local Rule 37-1.  Pending resolution of any dispute concerning such
12  designation, all parties and persons governed by this Protective Order shall treat all
13  documents and information previously designated as "Confidential" as protected
14  from further disclosure by this Protective Order.

15   **6.     SURVIVAL OF ORDER - RETURN OF DOCUMENTS**

16      (a)     The provisions of this Order shall continue in effect until otherwise
17  ordered by the Court, or after notice and an opportunity to be heard is afforded to
18  the parties to this action.  The final determination or settlement of this action shall
19  not relieve any person who has received Confidential Information or agreed to be
20  bound by the terms of this Protective Order of his, her, or its obligations under this
21  stipulation and Order.  The Court shall retain jurisdiction after such final
22  determination or settlement to enforce the provisions of this Order.  Upon
23  completion of the litigation, all documents (including copies of documents)
24  containing Confidential Information shall be destroyed or returned to counsel for
25  the producing party, except that (a) documents on which any person has made
26  notations may be destroyed and not returned, and (b) the parties' respective
27  attorneys of record may retain one copy of each such document for use in
28  connection with any disputes which may arise under the Court's retention of

1  jurisdiction as provided for herein.  Within sixty days (60) of the conclusion of this

2  litigation, the attorneys for the receiving party shall provide the attorneys for the

3  producing party a certificate representing that such return or destruction was made.

4  Notwithstanding this provision, Counsel are entitled to retain an archival copy of

5  all pleadings, motion papers, trial, deposition and hearing transcripts, legal

6  memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

7  work product, and consultant and expert work product even if such material

8  contains Confidential Information.  Any such archival copies that contain or

9  constitute Confidential Information remain subject to this Protective Order.

10       (b)     Except as provided in Paragraphs 4 or 6 hereof, documents or things

11  containing the other party's Confidential Information shall at all times be in the

12  physical possession of those persons qualifying under Paragraph 3 hereunder, or

13  kept by counsel of record at the premises regularly maintained by such counsel of

14  record as and for their respective law offices.

15       **7.     USE OF DOCUMENTS AT TRIAL**

16       This Stipulation and Protective Order, except as provided in Paragraph 4,

17  shall not apply to information designated or marked Confidential hereunder which

18  is used at any evidentiary hearing or trial in this action.  The parties hereby reserve

19  their rights to use, or seek to limit the disclosure of, confidential information at any

20  such hearing or trial, pursuant to Judge A. Howard Matz's Order Re: Protective

21  Orders and Treatment of Confidential Information.

22       **8.     USE OF OWN DOCUMENTS BY PRODUCING PARTY**

23       Nothing in this Protective Order shall limit the use by any party, person or

24  entity of his, her, or its own document or information for legitimate business

25  purposes unrelated to this litigation, even if such documents or information have

26  been designated as "Confidential."

27       **9.     APPLICATIONS TO COURT**

28       (a)     This Protective Order shall not preclude or limit any party's right to

Case No. CV11-03892-AHM (SSx)

1   oppose or object to discovery on any ground which would be otherwise available.

2   This Protective Order shall not preclude or limit any party's right to seek *in*

3   *camera* review or to seek further and additional protection against or limitation

4   upon production or dissemination of information produced in response to

5   discovery, including documents and their contents.

6         (b)    Any person to or by whom disclosure or inspection is made in

7   violation of this Protective Order, and who has knowledge of this Protective Order,

8   shall be bound by the terms hereof.

9         (c)    The parties hereto, and all other persons who receive Confidential

10   Information pursuant hereto, agree that any party or other person injured by a

11   violation of this Order does not have an adequate remedy at law and that an

12   injunction against such violation is an appropriate remedy.  In the event any person

13   shall violate or threaten to violate any terms of this Order, the parties agree that the

14   aggrieved party may immediately apply to obtain injunctive relief against any such

15   person.  In the event the aggrieved party shall do so, the responding person subject

16   to the provisions of this Order shall not employ as a defense thereto the claim that

17   the aggrieved party has an adequate remedy at law.  Any persons subject to the

18   terms of this Order agree that the Court shall retain jurisdiction over it and them for

19   the purposes of enforcing this Order, including but not limited to issuing an

20   injunction.  In addition to injunctive relief, as specified herein, the Court may

21   impose monetary and/or issue sanctions, as well as other relief deemed appropriate

22   under the circumstances for a violation of this Protective Order.

23         (d)    If any deponent required under the terms of this Protective Order to

24   execute the written Acknowledgment and Agreement described in Paragraph 3(c)

25   above refuses to do so, the parties may complete the deposition on other matters

26   and/or adjourn it and move the Court for any appropriate relief, including (without

27   limitation) relief from this Protective Order as to that deponent, or an order that the

28   deponent shall execute the written agreement described in Paragraph 3(c) above, or

1  an order that deponent shall be bound by the terms of this Protective Order. Any

2  non-party whose Confidential Information is the subject of such a motion shall be

3  given notice thereof.

4  **10.   AGREEMENT TO COOPERATE**

5        The parties hereto and their respective attorneys of record agree that, when

6  one party's attorney requests a deponent to sign the written Acknowledgment and

7  Agreement described in Paragraph 3(c) above, the other party's attorney will join

8  in such request, unless that attorney has a good faith basis for refusing to join in

9  such a request; provided, however, that this requirement shall not apply with

10  respect to any deponent who is represented at his or her deposition by an attorney

11  of record for any party hereto (including any member or associate of their

12  respective law firms). An attorney's request to sign such Acknowledgment

13  pursuant to this Paragraph shall not be construed to constitute legal advice to the

14  deponent, but shall and may be stated to be simply a request to facilitate discovery

15  in this action.

16  **11.   NO ADMISSIONS**

17        Neither entering into this Stipulation for Protective Order, nor receiving any

18  documents or other information designated as "Confidential" shall be construed as

19  an agreement or admission: (1) that any document or information designated as

20  "Confidential" is in fact Confidential Information; (2) as to the correctness or truth

21  of any allegation made or position taken relative to any matter designated as

22  "Confidential"; or (3) as to the authenticity, competency, relevancy or materiality

23  of any information or document designated as "Confidential."

24  **12.   NO WAIVER OF PRIVILEGES OR OBJECTIONS TO**

25  **ADMISSIBILITY**

26        Nothing in this Protective Order shall be construed as requiring disclosure of

27  Confidential Information, including, but not limited to, materials subject to

28  protection under the attorney-client privilege and/or attorney work product

Case No. CV11-03892-AHM (SSx)

STIPULATED PROTECTIVE ORDER

1  doctrine, the trade secrets privilege, or under any other applicable privileges or

2  rights of privacy, or requiring disclosure of Confidential Information that is

3  otherwise beyond the scope of permissible discovery.  Further, nothing in this

4  Protective Order shall be construed as a waiver by a party of any objections that

5  might be raised as to the admissibility at trial of any evidentiary materials.

6  **13.    DISCLOSURE IN VIOLATION OF ORDER**

7      If any Confidential Information is disclosed to any person other than in the

8  manner authorized by this Protective Order, the party responsible for the disclosure

9  must immediately, in writing, notify the opposing party and the Designating Party

10  of all pertinent facts relating to such disclosure, and without prejudice to the rights

11  and remedies of the Designating Party, make every effort to prevent further

12  unauthorized disclosure.

13  **14.    MODIFICATION - FURTHER AGREEMENTS**

14      Nothing contained herein shall preclude any party from seeking from a ~pursuant to LR 37~ (SMS)

15  Court modification of this Stipulated Protective Order ~upon proper notice~, nor shall

16  anything contained herein be construed as to preclude the parties from entering

17  into other written agreements designed to protect Confidential Information.

18  **15.    COUNTERPARTS**

19      This Stipulation for Protective Order may be executed in counterparts, each

20  of which shall be deemed an original and which together shall constitute one

21  instrument.

22

23  DATED:  November 9, 2011          OGLETREE, DEAKINS, NASH,
                                       SMOAK & STEWART, P.C.

24

25

26                                     By: /s/
                                       Andrew J. Jaramillo
27                                     Elizabeth A. Falcone
                                       Judy T. Sha
28
                                       Attorneys for Defendant

                                       Case No. CV11-03892-AHM (SSx)

STIPULATED PROTECTIVE ORDER

THE HOME DEPOT U.S.A., INC.

DATED:  November 9, 2011

HELMER • FRIEDMAN, LLP

By: /s/
Gregory D. Helmer, P.C.
Andrew H. Friedman, P.C.
Kenneth A. Helmer

Attorneys for Plaintiff
DANIELLE MAILHOIT

Case No. CV11-03892-AHM (SSx)

STIPULATED PROTECTIVE ORDER

# CERTIFICATE OF SERVICE
## Mailhoit v. Home Depot U.S.A., Inc.
### Case No: CV11-3892 AHM (SSx)

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Los Angeles in the office of a member of the bar of this court at whose direction the service was made. My business address is 400 South Hope Street, Suite 1200, Los Angeles, California 90071.

On November 9, 2011, I caused to be electronically filed the following document(s), described as:

## [PROPOSED] STIPULATED PROTECTIVE ORDER

with the Clerk of the United States District Court of Central District of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

Kenneth A. Helmer
HELMER FRIEDMAN, LLP
723 Ocean Front Walk
Venice, CA 90291
Telephone (310) 396-7714
Facsimile (310) 396-9215
khelmer@helmerfriedman.com

Attorneys for Plaintiff DANIELLE MAILHOIT

I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on November 9, 2011, at Los Angeles, California.

Edith Munoz
Type or Print Name

*Edith Munoz*
Signature

Case No. CV11-03892-AHM (SSx)

STIPULATED PROTECTIVE ORDER