Andrew J. Jaramillo, CA Bar No. 198303
andrew.jaramillo@ogletreedeakins.com
Elizabeth A. Falcone, SBN 219084
elizabeth.falcone@ogletreedeakins.com
Judy T. Sha, CA Bar No. 261432
judy.sha@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Tower, Suite 1500
695 Town Center Drive
Costa Mesa, CA 92626
Telephone: 714.800.7900
Facsimile: 714.754.1298

Attorneys for Defendant
THE HOME DEPOT U.S.A., INC.

Gregory D. Helmer, CA Bar No. 150184
ghelmer@helmerfriedman.com
Andrew H. Friedman, CA Bar No. 153166
afriedman@helmerfriedman.com
Kenneth A. Helmer, CA Bar No. 193366
khelmer@helmerfriedman.com
HELMER FRIEDMAN LLP
723 Ocean Front Walk
Venice, CA 90291
Telephone: 310-396-7714
Facsimile: 310-396-9215

Attorneys for Plaintiff
DANIELLE MAILHOIT

**NOTE CHANGES MADE BY THE COURT**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DANIELLE MAILHOIT,<br><br>           Plaintiff,<br><br>    v.<br><br>HOME DEPOT U.S.A., INC., a corporation, and DOES 1 through 50, inclusive,<br><br>           Defendants. | Case No. CV11-03892-AHM (SSx)<br><br>[~~PROPOSED~~] ORDER<br><br>Complaint Filed: March 30, 2011<br>Trial Date: July 3, 2012<br>Judge: Hon. A. Howard Matz<br>Magistrate Judge: Hon. Suzanne H. Segal |

Case No. CV11-03892-AHM (SSx)

[PROPOSED] ORDER

# [PROPOSED] O R D E R

**GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT** the provisions of the concurrently-filed stipulation between the parties regarding the use and protection of Confidential Information (the "Stipulated Protective Order") *as modified by the Court. (SHS)* shall be entered as the Order of the Court and be binding upon the parties. The Court further orders that, consistent with Paragraph 4 of the parties' Stipulated Protective Order, *as modified (SHS)* any motion to seal records must comply with the procedures set forth in Local Rule 79-5 and must also comply with Federal Rule of Civil Procedure 26(c)(1), including that the moving party must make a good cause showing.

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

*For good cause shown. (SHS)*

DATED: November 14, 2011

/s/ Suzanne H. Segal
THE HON. SUZANNE H. SEGAL
MAGISTRATE JUDGE OF THE UNITED
STATES DISTRICT COURT

Case No. CV11-03892-AHM (SSx)

[PROPOSED] ORDER

```
 1  Andrew J. Jaramillo, CA Bar No. 198303
    andrew.jaramillo@ogletreedeakins.com
 2  Elizabeth A. Falcone, SBN 219084
    elizabeth.falcone@ogletreedeakins.com
 3  Judy T. Sha, CA Bar No. 261432
    judy.sha@ogletreedeakins.com
 4  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
    Park Tower, Suite 1500
 5  695 Town Center Drive
    Costa Mesa, CA 92626
 6  Telephone:  714.800.7900
    Facsimile:  714.754.1298
 7
    Attorneys for Defendant
 8  THE HOME DEPOT U.S.A., INC.

 9  Gregory D. Helmer, CA Bar No. 150184
    ghelmer@helmerfriedman.com
10  Andrew H. Friedman, CA Bar No. 153166
    afriedman@helmerfriedman.com
11  Kenneth A. Helmer, CA Bar No. 193366
    khelmer@helmerfriedman.com
12  HELMER FRIEDMAN LLP
    723 Ocean Front Walk
13  Venice, CA 90291
    Telephone:  310-396-7714
14  Facsimile:  310-396-9215

15  Attorneys for Plaintiff
    DANIELLE MAILHOIT
16
```

**NOTE CHANGES MADE BY THE COURT**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DANIELLE MAILHOIT,<br><br>    Plaintiff,<br><br>    v.<br><br>HOME DEPOT U.S.A., INC., a corporation, and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. CV11-03892-AHM (SSx)<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>Complaint Filed: March 30, 2011<br>Trial Date:      July 3, 2012<br>Judge:           Hon. A. Howard Matz<br>Magistrate Judge: Hon. Suzanne H. Segal |

**NOTE CHANGES MADE BY THE COURT**

Case No. CV11-03892-AHM (SSx)

STIPULATED PROTECTIVE ORDER

1   **IT IS HEREBY STIPULATED** by and between Plaintiff Danielle Mailhoit
2   (hereinafter referred to as "Plaintiff" and/or "Mailhoit") and Defendant The Home
3   Depot U.S.A., Inc. (erroneously sued as "Home Depot USA, Inc."; hereinafter
4   referred to as "Defendant" and/or "Home Depot"), through their respective
5   attorneys of record, that a Protective Order be entered by this Court as follows:
6   This Stipulation and Protective Order shall be applicable to and shall apply
7   to the production and exchange of all document requests and documents,
8   interrogatories and answers to interrogatories, depositions, request for admissions,
9   and responses to requests for admissions, exhibits, and pleadings and all other
10  information exchanged and furnished in this Action by the Parties that the parties
11  customarily treat as confidential, proprietary, and/or a trade secret as defined by
12  California Civil Code Section 3426.1.
13  **1.   SCOPE**
14      (a)   The parties acknowledge that discovery may require disclosure of
15  information that is private and personal or confidential and proprietary, specifically
16  personnel records, employment offers, competitive analyses, income statements,
17  employee, client, or customer personal information (including, but not limited to
18  medical, age, and contact information), medical records, and financial records and
19  statements, along with other trade secret information as defined in California Civil
20  Code Section 3426.1. As a result, the parties agree to enter into a Protective Order
21  on the following terms to ensure the continuing confidentiality of such
22  information. The parties further acknowledge that this Order does not confer
23  blanket protections on all disclosures or responses to discovery and that the
24  protection it affords extends only to the limited information or items that are
25  entitled under the applicable legal principles to treatment as confidential.
26      (b)   This Protective Order shall limit the use or disclosure of documents,
27  deposition testimony, and related information which are or which embody or
28  disclose any information falling with the scope of Paragraph (1)(a) and designated

hereunder as "Confidential," and shall apply to:

  (i) All such documents, including those produced by third parties, designated as "Confidential" in accordance with the terms of this Protective Order and the applicable legal standards;

  (ii) Portions of deposition testimony and transcripts and exhibits thereto which include, refer or relate to any Confidential Information;

  (iii) All information, copies, extracts and complete or partial summaries prepared or derived from Confidential Information; and

  (iv) Portions of briefs, memoranda or any writing filed with or otherwise supplied to the Court, which include or refer to any such Confidential Information.

 (c) Any person designating documents, testimony, or other information as "Confidential" hereunder asserts that he or she believes in good faith that such material is Confidential Information which falls within the scope of Paragraph (1)(a) and is not otherwise available to the public generally. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

**2. DESIGNATION OF DOCUMENTS AND DEPOSITIONS**

 (a) Designation of a document as "Confidential" shall be made by stamping or writing CONFIDENTIAL on the document(s). Alternatively, the parties may designate documents as "Confidential" by producing the documents with a letter designating the documents by Bates number as "Confidential." The parties shall make all reasonable efforts to designate as "Confidential" only those

1  documents that they reasonably believe constitute personnel records, employment
2  offers, competitive analyses, income statements, employee, client or customer
3  personal information, medical records, financial records and statements, and trade
4  secret information as defined in California Civil Code Section 3426.1. The failure
5  to designate documents as "Confidential" at the time of production shall not
6  constitute a waiver of the protection of this Order and any party may, at any time
7  up to 30 days before the actual trial date in this action, designate any documents or
8  information produced as "Confidential" that have not as yet been so designated.
9  Stamping the legend "Confidential" on the cover of any multi-page document shall
10 designate all pages of the document as confidential, unless otherwise indicated by
11 the Designating Party, but only if the entire document is produced in a bound or
12 otherwise intact manner.
13         (b)    Designation of a deposition or other pretrial testimony, or portions
14 thereof, as "Confidential" shall be made by a statement on the record by counsel
15 for the party or other person making the claim of confidentiality at the time of such
16 testimony. The portions of depositions so designated as "Confidential" shall be
17 taken only in the presence of persons qualified to receive such information
18 pursuant to the terms of this Protective Order: the parties and their attorneys and
19 staff, the court reporter, videographer, the deponent, and the deponent's attorney.
20 Failure of any other person to comply with a request to leave the deposition room
21 will constitute sufficient justification for the witness to refuse to answer any
22 question calling for disclosure of Confidential Information so long as persons are
23 in attendance who are not entitled by this Protective Order to have access to such
24 information. The parties may, but need not in order to designate material as
25 Confidential Information, instruct the court reporter to segregate such portions of
26 the deposition in a separate transcript designated as "Confidential." Portions of
27 such deposition transcripts shall be clearly marked as "Confidential" on the cover
28 or on each page, as appropriate.

(c)     Any party may designate documents produced or portions of depositions taken as containing Confidential Information even if not initially marked as "Confidential" in accordance with the terms of this Protective Order by so advising counsel for each other party in writing and by reproducing said documents with the required confidential designation.  Thereafter, each such document or transcript shall be treated in accordance with the terms of this Protective Order; provided, however, that there shall be no liability for any disclosure or use of such documents or transcripts, or the Confidential Information contained therein, which occurred prior to actual receipt of such written notice. Any person who receives actual notice of any such designation of previously produced documents or deposition transcripts as containing Confidential Information shall thereafter treat such information as if it had been designated as "Confidential" at the time he, she, or it first received it in connection with this matter.

(d)     Inadvertent failure to designate Confidential Information shall not be construed as a waiver, in whole or in part, and may be corrected by the producing party by designating documents produced or portions of depositions taken as containing Confidential Information, even if not initially marked as "Confidential," in accordance with the terms of this Protective Order and, specifically, Paragraph 2(c) above.

3.     **LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION**

(a)     No Confidential Information shall be disclosed by anyone receiving such information to anyone other than those persons designated herein.  In no event shall Confidential Information be used, either directly or indirectly, by anyone receiving such information for any business, commercial or competitive purpose or for any purpose whatsoever other than the direct furtherance of the litigation of this action in accordance with the provisions of this Protective Order.

  (b) Confidential Information shall not be disclosed by any person who has received such information through discovery in this action to any other person, except to:

    (i) The parties;

    (ii) Attorneys of record for the parties and their firms' associates, clerks and other employees involved in the conduct of this litigation, and any court reporters, videographers, or interpreters engaged to assist the parties in discovery;

    (iii) Home Depot's, its subsidiary's, or its affiliate's in-house counsel;

    (iv) Non-party experts and consultants engaged by counsel for the purpose of preparing or assisting in this litigation, and those experts' respective clerks and employees involved in assisting them in this litigation, to the extent deemed necessary by counsel;

    (v) The Court, its officers, Court reporters and similar personnel, provided further that Confidential Information lodged with the Court under seal is subject to further evaluation by the Court;

    (vi) Any person as to which it is apparent from the face of a document was either an author, recipient, had knowledge of the contents therein, or was otherwise entitled to view the Confidential Information prior to the intended disclosure in this action; and

    (vii) Any other potential witnesses whose testimony may be used in connection with the present case who has complied with Paragraph 3(c) immediately below.

  (c) Before any person described in Paragraphs 3(b)(iv) and (vii) receives or is shown any document or information which has been designated as Confidential, such person shall be given a copy of this Protective Order and shall agree in writing, in the form of the Acknowledgment and Agreement attached hereto as Exhibit A, to be bound by the terms hereof. The original of each such

1  Acknowledgment and Agreement shall be maintained by counsel and, if a witness
2  appears at deposition or at trial and represents that he or she previously executed
3  an Acknowledgment, it shall be produced for inspection by opposing counsel upon
4  request. Any counsel may require the other counsel to provide a copy of the
5  Acknowledgment and Agreement signed by a witness at a deposition before the
6  witness is deposed with regard to any Confidential Information. Home Depot
7  agrees to have any of its current managerial employees execute the Agreement
8  prior to appearing for deposition and/or trial, so as to permit Plaintiff's counsel to
9  question the witness without taking time for execution of the Agreement.

10    (d)    Nothing in this Protective Order shall be construed to require
11 execution of the written Acknowledgment and Agreement referred to in
12 Paragraph 3(c) above, or to prevent disclosure of Confidential Information, by the
13 party producing and designating such Confidential Information, or by any
14 employee of such party.

15    (e)    The substance or content of Confidential Information, as well as all
16 notes and memoranda relating thereto, shall not be disclosed to anyone other than
17 as set forth in Paragraphs 3(b)(i)-(vii) above.

18  **4.    FILING DOCUMENTS UNDER SEAL**

19    (a)    If a Party wishes to submit a document to the Court which the other
20 Party has designated as Confidential or which contains Confidential Information,
21 and which has not been successfully challenged under Paragraph 5 below, ~~such~~
22 ~~document shall be deemed approved for filing under seal and no further application~~
23 ~~and/or Order shall be required under Local Rule 79-5.~~ The submitting Party shall
24 ~~in all other respects~~ comply with the procedures set forth in Local Rule 79-5 and
25 Judge A. Howard Matz's Order Re: Protective Orders and Treatment of
26 Confidential Information.

27  **5.    CHALLENGE TO CONFIDENTIALITY DESIGNATION**

28    Any party that wishes to challenge the designation of a document or other



Case No. CV11-03892-AHM (SSx)
STIPULATED PROTECTIVE ORDER

*[handwritten: follow L.R. 37.]* *[handwritten initials in circle: SAS]*

1  information as "Confidential" must ~~identify the documents or information for~~
2  ~~which it is challenging the designation within 30 days after their production. The~~
3  ~~Designating Party may, for good cause shown, bring a motion before the Court~~
4  ~~requesting that the Court confirm the designation of any document or information~~
5  ~~as "Confidential."~~ The party asserting the designation as "Confidential" shall have
6  the burden of establishing good cause for the designation. ~~However, the Court~~
7  shall ~~be authorized to award the party who prevails on the motion attorneys' fees~~
8  ~~as a sanction if the challenge to and/or assertion of the "Confidential" designation~~
9  ~~was made in bad faith or was frivolous.~~ The interested parties or other persons
10 shall attempt to resolve such disagreements before submitting them to the Court
11 pursuant to Local Rule 37-1. Pending resolution of any dispute concerning such
12 designation, all parties and persons governed by this Protective Order shall treat all
13 documents and information previously designated as "Confidential" as protected
14 from further disclosure by this Protective Order.

15  **6.    SURVIVAL OF ORDER - RETURN OF DOCUMENTS**
16       (a)   The provisions of this Order shall continue in effect until otherwise
17  ordered by the Court, or after notice and an opportunity to be heard is afforded to
18  the parties to this action. The final determination or settlement of this action shall
19  not relieve any person who has received Confidential Information or agreed to be
20  bound by the terms of this Protective Order of his, her, or its obligations under this
21  stipulation and Order. The Court shall retain jurisdiction after such final
22  determination or settlement to enforce the provisions of this Order. Upon
23  completion of the litigation, all documents (including copies of documents)
24  containing Confidential Information shall be destroyed or returned to counsel for
25  the producing party, except that (a) documents on which any person has made
26  notations may be destroyed and not returned, and (b) the parties' respective
27  attorneys of record may retain one copy of each such document for use in
28  connection with any disputes which may arise under the Court's retention of

Case No. CV11-03892-AHM (SSx)
STIPULATED PROTECTIVE ORDER

jurisdiction as provided for herein. Within sixty days (60) of the conclusion of this litigation, the attorneys for the receiving party shall provide the attorneys for the producing party a certificate representing that such return or destruction was made. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product even if such material contains Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Protective Order.

(b) Except as provided in Paragraphs 4 or 6 hereof, documents or things containing the other party's Confidential Information shall at all times be in the physical possession of those persons qualifying under Paragraph 3 hereunder, or kept by counsel of record at the premises regularly maintained by such counsel of record as and for their respective law offices.

### 7. USE OF DOCUMENTS AT TRIAL

[Section 7 struck through with initials "SHS"]

This Stipulation and Protective Order, except as provided in Paragraph 4, shall not apply to information designated or marked Confidential hereunder which is used at any evidentiary hearing or trial in this action. The parties hereby reserve their rights to use, or seek to limit the disclosure of, confidential information at any such hearing or trial, pursuant to Judge A. Howard Matz's Order Re: Protective Orders and Treatment of Confidential Information.

### 8. USE OF OWN DOCUMENTS BY PRODUCING PARTY

Nothing in this Protective Order shall limit the use by any party, person or entity of his, her, or its own document or information for legitimate business purposes unrelated to this litigation, even if such documents or information have been designated as "Confidential."

### 9. APPLICATIONS TO COURT

(a) This Protective Order shall not preclude or limit any party's right to

Case No. CV11-03892-AHM (SSx)
STIPULATED PROTECTIVE ORDER

oppose or object to discovery on any ground which would be otherwise available. This Protective Order shall not preclude or limit any party's right to seek *in camera* review or to seek further and additional protection against or limitation upon production or dissemination of information produced in response to discovery, including documents and their contents.

    (b)    Any person to or by whom disclosure or inspection is made in violation of this Protective Order, and who has knowledge of this Protective Order, shall be bound by the terms hereof.

    (c)    The parties hereto, and all other persons who receive Confidential Information pursuant hereto, agree that any party or other person injured by a violation of this Order does not have an adequate remedy at law and that an injunction against such violation is an appropriate remedy. In the event any person shall violate or threaten to violate any terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person. In the event the aggrieved party shall do so, the responding person subject to the provisions of this Order shall not employ as a defense thereto the claim that the aggrieved party has an adequate remedy at law. Any persons subject to the terms of this Order agree that the Court shall retain jurisdiction over it and them for the purposes of enforcing this Order, including but not limited to issuing an injunction. In addition to injunctive relief, as specified herein, the Court may impose monetary and/or issue sanctions, as well as other relief deemed appropriate under the circumstances for a violation of this Protective Order.

    (d)    If any deponent required under the terms of this Protective Order to execute the written Acknowledgment and Agreement described in Paragraph 3(c) above refuses to do so, the parties may complete the deposition on other matters and/or adjourn it and move the Court for any appropriate relief, including (without limitation) relief from this Protective Order as to that deponent, or an order that the deponent shall execute the written agreement described in Paragraph 3(c) above, or

Case No. CV11-03892-AHM (SSx)

STIPULATED PROTECTIVE ORDER

an order that deponent shall be bound by the terms of this Protective Order. Any non-party whose Confidential Information is the subject of such a motion shall be given notice thereof.

### 10.   AGREEMENT TO COOPERATE

The parties hereto and their respective attorneys of record agree that, when one party's attorney requests a deponent to sign the written Acknowledgment and Agreement described in Paragraph 3(c) above, the other party's attorney will join in such request, unless that attorney has a good faith basis for refusing to join in such a request; provided, however, that this requirement shall not apply with respect to any deponent who is represented at his or her deposition by an attorney of record for any party hereto (including any member or associate of their respective law firms). An attorney's request to sign such Acknowledgment pursuant to this Paragraph shall not be construed to constitute legal advice to the deponent, but shall and may be stated to be simply a request to facilitate discovery in this action.

### 11.   NO ADMISSIONS

Neither entering into this Stipulation for Protective Order, nor receiving any documents or other information designated as "Confidential" shall be construed as an agreement or admission: (1) that any document or information designated as "Confidential" is in fact Confidential Information; (2) as to the correctness or truth of any allegation made or position taken relative to any matter designated as "Confidential"; or (3) as to the authenticity, competency, relevancy or materiality of any information or document designated as "Confidential."

### 12.   NO WAIVER OF PRIVILEGES OR OBJECTIONS TO ADMISSIBILITY

Nothing in this Protective Order shall be construed as requiring disclosure of Confidential Information, including, but not limited to, materials subject to protection under the attorney-client privilege and/or attorney work product

doctrine, the trade secrets privilege, or under any other applicable privileges or rights of privacy, or requiring disclosure of Confidential Information that is otherwise beyond the scope of permissible discovery. Further, nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials.

### 13. DISCLOSURE IN VIOLATION OF ORDER

If any Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately, in writing, notify the opposing party and the Designating Party of all pertinent facts relating to such disclosure, and without prejudice to the rights and remedies of the Designating Party, make every effort to prevent further unauthorized disclosure.

### 14. MODIFICATION - FURTHER AGREEMENTS

Nothing contained herein shall preclude any party from seeking from a Court modification of this Stipulated Protective Order ~~upon proper notice~~ pursuant to LR 37, nor shall anything contained herein be construed as to preclude the parties from entering into other written agreements designed to protect Confidential Information. 

### 15. COUNTERPARTS

This Stipulation for Protective Order may be executed in counterparts, each of which shall be deemed an original and which together shall constitute one instrument.

DATED: November 9, 2011           OGLETREE, DEAKINS, NASH,
                                  SMOAK & STEWART, P.C.


                                  By: /s/
                                  _____
                                      Andrew J. Jaramillo
                                      Elizabeth A. Falcone
                                      Judy T. Sha

                                  Attorneys for Defendant

| | | |
|---|---|---|
| 1 | | THE HOME DEPOT U.S.A., INC. |
| 2 | DATED: November 9, 2011 | HELMER • FRIEDMAN, LLP |
| 5 | | By: /s/ |
| 6 | | Gregory D. Helmer, P.C.<br>Andrew H. Friedman, P.C.<br>Kenneth A. Helmer |
| 7 | | |
| 8 | | Attorneys for Plaintiff<br>DANIELLE MAILHOIT |

Case No. CV11-03892-AHM (SSx)

STIPULATED PROTECTIVE ORDER

**CERTIFICATE OF SERVICE**
Mailhoit v. Home Depot U.S.A., Inc.
Case No: CV11-3892 AHM (SSx)

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Los Angeles in the office of a member of the bar of this court at whose direction the service was made. My business address is 400 South Hope Street, Suite 1200, Los Angeles, California 90071.

On November 9, 2011, I caused to be electronically filed the following document(s), described as:

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

with the Clerk of the United States District Court of Central District of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

| | |
|---|---|
| Kenneth A. Helmer<br>HELMER FRIEDMAN, LLP<br>723 Ocean Front Walk<br>Venice, CA 90291<br>Telephone (310) 396-7714<br>Facsimile (310) 396-9215<br>khelmer@helmerfriedman.com | Attorneys for Plaintiff DANIELLE MAILHOIT |

I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on November 9, 2011, at Los Angeles, California.

Edith Munoz                                    *Edith Munoz* (signature)
Type or Print Name                             Signature

Case No. CV11-03892-AHM (SSx)
STIPULATED PROTECTIVE ORDER